The opinion of the Court was delivered by
Wardlaw, J.
It is the opinion of this Court, that the presiding Judge had the discretion, during the same term of the Court, to set aside an order for judgment, and the execution of a writ of inquiry thereon, and that his action should not be disturbed in the Court of Appeals, unless for gross abuse of discretion.
In Sargent vs. Wilson, 2 McC. 513, it is held, that “ the Court may, at its discretion, under particular circumstances, *491 permit tbe defendant’s attorney to enter an appearance, and move to set aside a judgment by default, after tbe second day of tbe next term.”
To tbe same effect are Williamson vs. Cummings, 2 McC. 250, and Starke vs. Woodward, 1 N. & McC. 259. A judgment obtained on tbe assessment of damages by a jury on a writ of inquiry, remains during that term as much interlocutory as an order for judgment entered on tbe declaration by tbe clerk, for lack of defendant’s plea ; and, strictly, no judgment is final until, after tbe term, it is regularly signed in conformity to tbe Statute of Frauds. Tbe rules of practice are intended to furnish a general chart for the procedure of parties in Court, but not to binder tbe ends of justice, nor absolutely to limit tbe power of tbe judge; and may be moulded according to tbe exigencies of particular cases. Meek vs. Richardson, 4 Rich. Eq. 88. Tbe same doctrine prevails as to final judgments. In Mooney vs. Welsh, 1 Mill. 188, it is said, “tbe Court of Common Pleas, under all its modifications, has always exercised tbe power of looking into its records, and, on motion, affording that remedy after judgment has been entered, which is obtained by writ of error in tbe English court,” &c.
It may be, that in this case tbe Judge should not have founded tbe exercise of bis discretion solely on a foreign affidavit, insufficiently authenticated, by tbe defendant, that be bad employed counsel who neglected to appear and make defence. Tbe informality of this affidavit is complained of by tbe first ground of appeal. But tbe Judge reports that be paid no attention to it whatever, and tbe facts stated in it are substantially supported by tbe affidavit of Mr. Campbell.
Tbe facts that tbe suit was instituted by bail process, and that tbe defendant after arrest escaped from tbe custody of tbe sheriff, seem to have been allowed all tbe weight in tbe condition imposed by tbe Judge on the defendant, that be *492 render himself within a month, to which these facts are fairly entitled. We. suppose that this condition has been complied with, and that the plaintiff, if he has just claim, may now have double remedy for satisfaction against the sheriff and the defendant.
The principal fact of the second ground of appeal, that defendant’s counsel was allowed to appear at the execution of the writ of inquiry, is not a matter entitled to much consideration ; for the burden of defendant’s clamor is, not that he was refused leave to reduce the damages on concession of his liability, Tout that he was not permitted to prove the fact of payment or other matter in bar of his liability.
The plaintiff in this case was a nominal trustee, and Mrs. Messervey was' the person beneficially entitled, under the° charter of Rantowle’s Bridge, by the Act of 1855, 12 Stat. 478 ; and she acknowledged to two affiants that she had been satisfied of her just demands. The Judge reports that he was mainly, if not entirely influenced in his judgment by the statements of these two affiants; and plainly we cannot say that this exhibits gross abuse of discretion.
The third ground of appeal complains that these affiants were of defendant’s counsel; but we know of no principle nor authority which excludes the affidavits of counsel or of defendant himself in such case. Such instruments of evidence will not serve to establish the facts on a regulad trial of the issues of the case, but may afford ample justification for the exercise of the judge’s control over the practice of the Court.
It is ordered that the appeal be dismissed.
O’Neall, 0. J., and Johnston, J., concurred.

Appeal dismissed.